UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERRI LAWSON-BREWSTER,

    Plaintiff,

                                          Case No. 4:06-cv-58

v

                                          Hon. Wendell A. Miles

RIVER VALLEY SCHOOL DISTRICT,
a Michigan public body, and
JOSE VERA, an individual,

    Defendants.

_____/

OPINION AND ORDER ON DEFENDANTS' MOTION IN LIMINE

Plaintiff, Cherri Lawson-Brewster, filed this action against her former employer, the River Valley School District ("River Valley"), and one of its employees, Jose Vera. In her amended complaint, plaintiff alleges that River Valley and Vera violated her rights under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), M.C.L. § 37.2101 *et seq.*, Michigan's Persons With Disabilities Civil Rights Act, M.C.L. § 37.1101 *et seq.*, and Michigan Worker's Disability Compensation Act, M.C.L. § 418.301. The matter is currently before the court on a motion in limine filed by the defendants (docket no.57).[1] Plaintiff has opposed the motion.

For the following reasons, the court **GRANTS** the motion.

---

[1] A separate motion for summary judgment filed by the defendants remains pending.

**Discussion**

Between March, 2000 and December, 2004, plaintiff worked as a custodian for defendant River Valley. During part of that time, defendant Vera was employed as the principal at one of the district's high schools. Plaintiff has asserted claims under the ELCRA alleging that she was sexual harassed by Vera, who was her supervisor, and ultimately terminated – at least in part – because she refused to date him and complained about his treatment of her.

In support of her sexual harassment claim and her claim that she was terminated in retaliation for complaining of Vera's conduct, plaintiff intends to offer evidence regarding (1) misconduct allegedly perpetrated by Vera while he was not employed by River Valley, and (2) Vera's alleged sexual harassment of another female River Valley employee. In their motion, the defendants seek an order in limine excluding this evidence. They argue (1) that this evidence is not relevant to any issue in the case, and (2) even if it is relevant, any probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, and considerations of undue delay. The defendants also argue that plaintiff hopes to offer the evidence solely to besmirch Vera's character and suggest that he was predisposed to commit sexual harassment. They seek exclusion of this evidence based on Fed.R.Evid. 402, 403, and 404(b).

One category of evidence which plaintiff intends to offer includes evidence that Vera was terminated by a previous employer for his alleged sexual harassment of a female co-worker, Sally Martinez. Another category includes evidence that Vera was terminated by yet another employer for consumption of alcohol during working hours. The third category of evidence includes evidence that Vera kissed Ariana Napper, a female teacher employed by River Valley.

It is undisputed that this latter incident took place during a private party occurring off school property and outside of working hours.  Plaintiff has not directed the court to any evidence indicating that she was aware of any of these acts during her employment with River Valley.

At outset, it is noted that in her response to the defendants' motion, plaintiff has not made any argument even remotely suggesting why evidence that Vera was terminated by another employer for consuming alcohol during working hours is relevant to any issue in this case.  For this reason, the court will grant the defendants' motion to exclude evidence regarding Vera's termination by that employer.

Regarding the remaining two categories of evidence to which the defendants' motion is directed, plaintiff argues that evidence relating to Vera's alleged behavior toward other women is relevant to show "motive and intent" to sexually harass her, and to show that his denials of having sexually harassed her are not credible.  Plaintiff's argument regarding motive is as follows:  the fact that Vera had been fired by a previous employer for sexually harassing one or more female co-workers caused Vera to fear a similar complaint at River Valley which could adversely affect his employment status there.  Apparently recognizing that she herself did not – at least not during her employment with River Valley – formally accuse Vera of sexual harassment or discrimination, plaintiff appears to argue that Vera surmised that he could prevent plaintiff from making such a complaint by firing her.

The logic of plaintiff's argument regarding motive is not apparent.  Instead of decreasing the likelihood that plaintiff would make a formal complaint of harassment or discrimination, Vera's firing of plaintiff would seemingly make it much more likely that she would complain. Moreover, the key question presented by plaintiff's retaliation claim in this case is whether

3

plaintiff was fired for engaging in activity protected by the ELCRA.  Vera's own firing by a previous employer and the reasons for it do not make it any more likely that plaintiff herself engaged in protected activity for which she was fired.  In addition, because Vera denies that he engaged in any harassing behavior while working for his previous employer, admission of evidence regarding the reasons why he was fired by that employer would require a trial within a trial on those issues.

As noted above, plaintiff also argues that evidence that Vera had previously harassed other women, either while he worked at River Valley or while he worked for another employer, is relevant to show that his denials of having sexually harassed plaintiff are not credible.  Without this evidence, plaintiff argues, it would simply be her word against Vera's as to what happened between them.  Citing a string of cases from other jurisdictions (sans internal page citations, with limited exception), plaintiff argues that "most courts have allowed testimony by other employees in support of the plaintiff's sexual harassment claim on the issue of credibility of the defendant's denial of the sexual harassment allegations."  Memorandum in Opposition to Defendant's Motion in Limine at 9.[2]

---

[2] The only citation for which plaintiff has provided an internal page number is not a court case, but instead a 20 year-old policy guidance statement published by the Equal Employment Opportunity Commission ("EEOC"), which she cites as "EEOC Policy Guidance on Current Issues of Sexual Harassment, No. 915.035 Oct. 25, 1988 D."  Plaintiff has not provided a copy of this publication to the court.

The court has located a similarly titled 1990 publication, titled *Policy Guidance on Current Issues of Sexual Harassment*, N-915-050,1990 WL 1104701 (March 19, 1990).  In it, the EEOC instructs its investigators to determine whether an employer was aware of any other instances of harassment and, if so, how the employer responded.  The EEOC also provides its investigators with guidance on seeking other credible witnesses to corroborate a charging party's claim.  Id. at 7-8 (footnotes omitted).  The examples provided by the EEOC accompanying this guidance contained in the 1990 publication are not instructive on the evidentiary question at
(continued...)

Plaintiff cites to Campbell v. Board of Regents of the State of Kansas, 770 F. Supp. 1479 (D. Kan. 1991).  In Campbell, cited by plaintiff, the plaintiff asserted a sexual harassment claim, relying in part on evidence that the alleged male perpetrator had previously threatened a former secretary that he would hit her on the butt and inseminate her.  By way of a footnote, the district court in that case observed that because the plaintiff had not claimed that she was aware of the actions toward the former secretary, these past incidents could not have contributed to the hostile environment which plaintiff alleged existed in her work department.  Id. at 1486 n.1.  Nonetheless, the court further observed, the former secretary's allegations of past sexual harassment were "relevant to the credibility" of the purported perpetrator's denial of plaintiff's allegations.   Id. (citing Fed.R.Evid. 404(b)).

Campbell is not controlling precedent in this case.  Instead, on evidentiary questions this court looks to the controlling law of the Sixth Circuit.  As that court has recently clarified in addressing a similar issue, in considering a hostile environment sexual harassment claim, a court "may consider evidence of other acts of harassment of which a plaintiff becomes aware during the period his or her employment, even if the other acts were directed at others and occurred outside of the plaintiff's presence."  Hawkins v. Anheuser-Busch, Inc., No. 07-3235, 2008 WL 423442, *10 (6th Cir. Feb. 19, 2008).  Addressing prior applicable precedent, the court in Hawkins concluded that

> This court's case law therefore makes clear that the factfinder may consider similar acts of harassment of which a plaintiff becomes aware during the course of his or her employment, even if the harassing acts were directed at others or

---

[2](...continued)
issue on the present motion.

occurred outside of the plaintiff's presence.

Id., *11.[3]

In this case, plaintiff has not claimed that she knew of any of Vera's alleged behavior toward other women employed by either his former employer or by River Valley. Nor does plaintiff contend that evidence of Vera's behavior toward any other female River Valley employee(s) is relevant to show a hostile environment at plaintiff's place of employment.[4] Finally, plaintiff does not contend that testimony by any other River Valley female employee serves as direct eyewitness testimony factually corroborating plaintiff's own allegations regarding how Vera treated *her*. Under the circumstances, the court concludes that the controlling precedent requires that plaintiff's proffer of other acts evidence be rejected.

It should be noted, however, that even if the cases cited by plaintiff were controlling precedent in this case, the majority of those cases are either unsupportive of plaintiff's position or so inapposite to the current motion that the court questions whether plaintiff has even read them. Plaintiff also cites to Kelly-Zurian v. Wohl Shoe Co., 22 Cal. App.4th 397, 27 Cal.

---

[3] In Hawkins, the court cited to Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246 (6th Cir. 1998), as "[o]ne of the first cases in this circuit to address other-act evidence in the context of a hostile-work-environment claim[.]" 2008 WL 423442, *10. In Abeita, the plaintiff had relied in part on testimony by three other employees or former employees that showed plaintiff's supervisor acting, outside of plaintiff's presence, "at least boorishly toward women in general or women other than [plaintiff]." The court observed that held this evidence was "irrelevant at this stage to plaintiff's hostile environment and disparate treatment claims because there is no evidence that plaintiff was aware of these actions at the time." 159 F.3d at 249 n.4.

[4] A portion of plaintiff's deposition testimony, provided by plaintiff with her opposition to the defendants' motion for summary judgment, indicates that plaintiff was not aware of any other female employees of River Valley with whom Vera had attempted to have a romantic relationship. Pl. Dep. at 92. Apparently, however, Vera did marry a female employee of the district.

Rptr.2d 457 (1994), Watts v. Kroger Co., 955 F. Supp. 674 (N.D. Miss. 1997), and Kirkland v. Brinias, 741 F. Supp. 692 (E.D. Tenn. 1989) for the proposition that courts allow testimony of other employees "on the issue of credibility of the defendant's denial of the sexual harassment allegations." Memorandum in Opposition at 9-10. However, the trial court in Kelly-Zurian actually granted the employer's motion in limine to exclude any evidence of other claims of sexual harassment against the alleged perpetrator. 22 Cal. App.4th at 410, 27 Cal. Rptr. 2d at 463. In addition, the district court's decision in Watts, cited by plaintiff, was reversed in part on appeal. Watts v. Kroger Co., 170 F.3d 505 (5th Cir. 1999). On appeal, the court ruled that district court did not abuse its discretion in granting the employer's motion to strike several unsworn statements submitted by the plaintiff's co-workers. Id. at 508-509. Additionally, Kirkland, yet another case cited by plaintiff for the same proposition, was decided unfavorably to the plaintiff and affirmed on appeal. Kirkland v. Brinias, No. 89-6466, 1991 WL 174195 (6th Cir. Sept. 6, 1991). The "other employee" evidence in that case pertained to the same employer (one instance involved corroboration by an employee who saw the plaintiff pushed and fondled), id., *1, and whether the employer was aware of the harassment for purposes of respondeat superior liability. Id., *3-4. The court fails to grasp how this eclectic collection of cases supports plaintiff's position that "most courts have allowed testimony by other employees in support of the plaintiff's sexual harassment claim on the issue of credibility of the defendant's denial of the sexual harassment allegations." Memorandum in Opposition at 9.

In support of her argument that "[e]vidence of sexual harassment of other employees has also been admitted under FRE 404(b) to show motive and intent" to "sexually harass, discriminate and retaliate against women[,]" plaintiff cites to another set of cases which, she

further argues, indicate that "[e]vidence regarding a person's general attitude of disrespect towards female employees and his sexual objectification of them is relevant to the question of his motive in discharging them."  Memorandum in Opposition at 10.  Included among plaintiff's string of cites in support of this particular argument are Webb v. Hyman, 861 F. Supp. 1094 (D.D.C. 1994), Kay v. Peter Motor Co., Inc., 483 N.W.2d 481 (Minn. App.,1992), and Heyne v. Caruso, 69 F.3d 1475 (9th Cir. 1995).

     In Webb, another female employee of the defendant employer testified that while herself working under the alleged perpetrator, she saw that "attractive females" received "the best assignments" from him.  861 F. Supp. at 1106.  This same witness also testified that women who spent long periods of time in the alleged perpetrator's office with the door shut were allowed to arrive late, leave early, and avoid answering the telephones.  Id. When she complained about one such woman, the witness testified, she herself was transferred.  Id. The court in that case also considered that there was "considerable evidence that [the employer] was on notice of a hostile work environment," including other previous claims of sexual harassment involving the same perpetrator.  Id. at 1109.  The court concluded that this "pattern of evidence" was sufficient for a jury to find that the employer its officials should have been on notice of the hostile environment or failed to take prompt and corrective measures to correct it.  The jury was, in fact, given a limiting instruction regarding the evidence of other complaints against the employer.  Id.

     In Kay, another case cited by plaintiff, the trial court determined that the offered testimony of other former employees of the same employer was not received for the purpose of showing that the perpetrator acted similarly toward the plaintiff.  483 N.W.2d at 486.  Instead, the evidence was offered to demonstrate "intent to make harassing comments," "knowledge of

8

the offensive nature" of the remarks, and the hostile working environment created by such remarks, as well as his motive to make the remarks.  Quite frankly, the court sees no difference between these purposes for the evidence, but in any event the testimony did not involve conduct allegedly committed by the perpetrator while he was employed by a different employer, nor is there any indication that the plaintiff was unaware of the conduct – a circumstance which would prevent the admission of similar testimony under Sixth Circuit authority.  It is also noted that the Kay case did not involve a claim of quid pro quo harassment or retaliation, as plaintiff has asserted here, and therefore it is incorrect for plaintiff to cite the case for the proposition that "[e]vidence regarding a person's general attitude of disrespect towards female employees and his sexual objectification of them is relevant to the question of his motive in discharging them." Memorandum in Opposition at 10.

A final case cited by plaintiff for this proposition is Heyne v. Caruso, 69 F.3d at 1475, which did involve a claim of quid pro quo sexual harassment.  In that case, the court held that evidence of the defendant's sexual harassment of other female workers at the same workplace could be used to establish the defendant's motive or intent in discharging the plaintiff. According to the non-unanimous court, "[t]he sexual harassment of others, if shown to have occurred, is relevant and probative of [the defendant's] general attitude of disrespect toward his female employees, and his sexual objectification of them." Id. at 1480.  A single judge on the panel dissented from this portion of the decision and would have affirmed the district court's exclusion of this evidence.  Id. at 1484-1485.

In this case, only one episode of alleged harassment by Vera which plaintiff seeks to use – that involving his alleged romantic overture to a River Valley teacher during non-work hours –

9

involves an employee at the same workplace.  Moreover, plaintiff's clearly stated intent to use "other act" evidence for the purpose of bolstering the credibility of her own claim that Vera sexually harassed her distinguishes this case from <u>Heyne</u>, in which the plaintiff's sole stated purpose for offering the evidence was "in order to demonstrate that the [defendant's] proffered reason for her dismissal was pretextual."  69 F.3d at 1479.[5]  Even <u>Heyne</u>, which the court does not regard as persuasive authority, cautions against a use of "other employee" evidence to bolster the plaintiff's claim that she was propositioned by the defendant.  69 F.3d at 1480-1481.  Under the circumstances, such evidence – if used as clearly intended by plaintiff in this case – would be unfairly prejudicial, improper "other act" evidence and therefore subject to exclusion.

This court looks for guidance to the Sixth Circuit decision in <u>Schrand v. Federal Pacific Elec. Co.</u>, 851 F.2d 152 (6th Cir.1988), in which the court did conclude that testimony by two former employees of the defendant employer regarding discriminatory reasons given for their terminations was both irrelevant and unfairly prejudicial in a case brought by another employee.  In <u>Schrand</u>, an age discrimination case, the court found that the district court had committed reversible error in denying the defendant's motion in limine and in admitting the testimony of two employees of a national corporation that certain managers had informed them that they were being terminated because they were too old.  The court found that these statements were not relevant because the manager who made the decision to terminate the plaintiff-employee in the case was not involved in the decision to terminate either of the two witnesses, since neither of the witnesses even worked in the same region as the plaintiff-employee.  <u>Id</u>. at 156.  However,

---

[5]According to plaintiff, evidence that Vera might have sexually harassed other women "is obviously relevant to the basic question concerning whether [he] sexually harassed [plaintiff]."  Memorandum in Opposition at 9.

10

the court also concluded that even if the evidence was relevant, it probative value was substantially outweighed by the danger of unfair prejudice flowing from its admission, where there was no direct evidence of age discrimination against the plaintiff.  Finally, the court concluded that in addition to creating unfair prejudice, the testimony "tended to confuse the issue by focusing the jury's attention on two totally unrelated events, a consideration under [Fed.R.Evid.] 403."  Id.

Here, plaintiff does not intend to offer evidence of prior acts by Vera to show the existence of a sexually hostile atmosphere being tolerated at River Valley.  Instead, she intends to use the evidence to show a propensity by Vera to commit sexual harassment and to prove her quid pro quo claim.  However, using evidence of other acts to show propensity is a "forbidden use" of such evidence.  Gray v. Genlyte Group, Inc., 289 F.3d 128, 141 (1st Cir. 2002).  Moreover, in the absence of direct evidence that plaintiff was fired for rejecting Vera's alleged advances, the "other act" evidence which plaintiff intends to offer is both unfairly prejudicial and has a tendency to confuse the issues by focusing the factfinder's attention on unrelated events.  See Schrand, 851 F.2d at 156.  Finally, because plaintiff concedes that Vera denies these other incidents of alleged sexual harassment, see Memorandum in Opposition at 9, allowing evidence of these other incidents would require a trial within a trial regarding whether these other incidents occurred.  See United States v. Mack,  258 F.3d 548, 553 (6th Cir. 2001) (Fed.R.Evid. 404(b) inquiry consists of three parts: first, a preliminary determination as to whether sufficient evidence exists that the prior act occurred; second, a determination as to whether the "other act" is admissible for a proper purpose under Rule 404(b); and third, whether the "other acts" evidence is more prejudicial than probative under Rule 403); see also Howerton v. Blomquist,

240 F.R.D. 378, 381 (E.D. Mich. 2007) (evidence that defendant assaulted another student other than plaintiff was inadmissible, where defendant had never admitted to assaulting any student, necessitating a trial within a trial on other alleged incident).  Under the circumstances, the court concludes that the evidence is inadmissible.[6]

### Conclusion

For the foregoing reasons, the defendants' motion in limine seeking exclusion of the testimony of plaintiff's witnesses Sally Martinez and Ariana Napper and of evidence relating to defendant Vera's termination from a previous employer for consuming alcohol is granted.

So ordered this 25th day of March, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge

---

[6]Plaintiff appears to argues that evidence of Vera's denials of the other incidents is necessary to her claim and automatically admissible because evidence that the defendant is lying or fabricating a reason for adverse employment action may lead to a finding of unlawful discrimination.  Memorandum in Opposition at 9 ("These denials create at least a question of fact concerning whether [Vera] was lying to cover up an unlawful motive, which automatically creates a jury question regarding the issue of retaliatory intent and therefore admissible [sic] and necessary to plaintiff's claim").  In support of her argument, plaintiff generally cites to St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993) and Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).
  St. Mary's Honor Center and Reeves do recognize that the factfinder's disbelief of the employer's asserted reason for its action may play a part in enabling a plaintiff to demonstrate that the action was premised on a discriminatory motive.  See St. Mary's Honor Center, 509 U.S. at 517-518; Reeves, 530 U.S. at 148.  However, neither of these cases stands for the proposition that the Federal Rules of Evidence must be discarded in such cases.  A plaintiff is still required to demonstrate through "competent evidence" that the employer's decision was discriminatory, St. Mary's Honor Center, 509 U.S. at 517-518, and the rules of evidence still apply.  The current ruling merely prohibits the plaintiff in this case from proving her case using evidence which is not admissible.  The current ruling merely prohibits the plaintiff in this case from proving her claims using evidence which is not admissible.